IN RE APPROPRIATION OF EASEMENT FOR HIGHWAY PURPOSES.

(No. 1002—Decided June 29, 1960.)

*Mr. Mark McElroy*, attorney general, and *Mr. John P. McDonough*, for appellant.

*Mr. Roy W. Roof*, for appellee.

*Per Curiam.* It is apparent from the content of the application for rehearing that some misunderstanding exists as to the

legal basis for the court's decision dismissing the appeal.

There being no other provision in the law governing the same in highway appropriation cases, the time for filing the notice of appeal which invokes this court's jurisdiction and perfects the appeal is determined by Section 2505.07 of the Revised Code, which, in pertinent part, provides as follows:

"After the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk for journalization, * * * the period of time within which the appeal shall be perfected * * * is as follows:

"(A) Appeals to * * * Courts of Appeals * * * shall be perfected within twenty days.

"When a motion for a new trial * * * is filed by either party within *the time provided by Sections 2321.19 * * * of the Revised Code* * * * then the time of perfecting the appeal shall not begin to run, and an appeal shall not be taken, until the entry of the order overruling or sustaining * * * the motion for a new trial * * *.

"* * *." (Emphasis added.)

The italicized portion of the quoted statute is part of an amendment thereto relating to substantive law adopted by the Legislature effective October 27, 1953, and is not simply a result of the recodification which was effective October 1, 1953. Prior to the amendment of October 27, 1953, Section 2505.07, Revised Code, did not specifically refer to Section 2321.19. It is therefore expressly and specifically provided by statute that the condition, under which the mandatory twenty days for perfecting an appeal to the Court of Appeals is extended by a motion for a new trial, exists only when such motion is filed *within* the time provided by Section 2321.19. There is no other provision of law, either general, or specifically related to appeals from highway appropriation cases, which purports or can be reasonably interpreted to provide otherwise.

In pertinent part Section 2321.19, Revised Code, provides:

"The application for a new trial must be made *within ten days after* the journal entry of a final order, judgment, or decree has been approved by the trial court in writing and filed with the clerk of the court for journalization * * *." (Emphasis added.)

It necessarily follows that an application (or motion) for a new trial filed *before*, and not *after*, such journalization is filed prematurely, is *not* filed *within* the time provided by Section 2321.19, and cannot and does not serve to extend the time for filing a notice of appeal to the Court of Appeals beyond the period of ''within twenty days'' after the filing of the journal entry of judgment.

As applied to the facts of the case before this court the journal entry of judgment was filed on November 5, 1959. There was no motion for new trial filed *after* such date. The notice of appeal was filed on November 30, 1959, more than twenty days after the filing of the journal entry of judgment. The appeal to this court was not perfected, and this court not having jurisdiction thereof, the appeal had to be dismissed.

*Application for rehearing denied.*

YOUNGER, P. J., MIDDLETON and GUERNSEY, JJ., concur.